\* \* \* \* \* \* \* \* \* \* \* \*  4:14cv 130 HLM

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and

Discovery Plan form completed and filed by the parties, the Court orders that the time

limits for adding parties, amending the pleadings, filing motions, completing discovery,

and discussing settlement are as set out in the Federal Rules of Civil Procedure and the

Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ___ day of _____, 20__

_____
UNITED STATES DISTRICT JUDGE

11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

RENEE SCHROEDER,

     Plaintiff,

     v.

CALEB GILBERT,

     Defendant.

CIVIL CASE NO.:

4:14-cv-00130-HLM

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of the Case**

    **(a)**    Describe briefly the nature of this action.

**Plaintiff brings one cause of action for false arrest under 42 U.S.C. § 1983 against Defendant Officer Caleb Gilbert, who is sued in his individual capacity.**

    **(b)**    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**During a traffic stop, Defendant, a City of Dunwoody police officer, arrested Plaintiff and charged her with violating the Georgia Controlled Substances Act. At the time of her arrest, Plaintiff possessed the prescription medication of her husband, William Schroeder.**

    **(c)**    The legal issues to be tried are as follows:

1

**Whether Defendant had probable cause to arrest Plaintiff, all applicable defenses, including qualified immunity, and the extent of Plaintiff's alleged damages.**

**(d)** The cases listed below (include both style and action number) are:

**(1)** Pending Related Cases:

**None.**

**(2)** Previously Adjudicated Related Cases:

**None.**

**2.** This case is complex because it possesses one (1) or more of the features listed below (please check):

_____ (1) Unusually large number of parties.

_____ (2) Unusually large number of claims or defenses.

_____ (3) Factual issues are exceptionally complex.

_____ (4) Greater than normal volume of evidence.

_____ (5) Extended discovery period is needed.

_____ (6) Problems locating or preserving evidence.

_____ (7) Pending parallel investigations or action by government.

_____ (8) Multiple use of experts.

_____ (9) Need for discovery outside United States boundaries.

_____ (10) Existence of highly technical issues and proof.

_____ (11) Unusually complex discovery of electronically stored

information.

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:          **Jeff Filipovits**

                    **Georgia Bar No. 825553**

Defendant:     **Richard A. Carothers**

                    **Georgia Bar No. 111075**

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_ Yes          \_\_**X**\_\_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

**(a)**      The following persons are necessary parties who have not been joined:

**None.**

**(b)**      The following persons are improperly joined as parties:

**None.**

**(c)**      The names of the following parties are either inaccurately stated or

3

necessary portions of their names are omitted:

**None.**

**(d)**   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.**   **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)**   List separately any amendment to the pleadings that the parties anticipate will be necessary:

**None.**

**(b)**   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law

**7.**   **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

4

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state

the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference.**

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the  following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The circumstances surrounding Plaintiff's arrest, the damages allegedly suffered by Plaintiff, the training and experience of Officer Gilbert, and the defenses raised by Defendant.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

6

**(a)**    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None.**

**(b)**    Is any party seeking discovery of electronically stored information?

____**X**____ Yes                    _____ No

If "yes,"

**(1)**    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Requests for ESI shall be limited to key witnesses and the circumstances of this matter, and be requested through the use of search terms within a limited date range. Each party reserves the right to object to ESI requests as overbroad, not relevant, or to raise other valid objections to requests for ESI under the Federal Rules of Civil Procedure.**

**(2)**    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or

7

exclusion and use of metadata, and have agreed as follows:

**If the requesting party does not specify the format, the producing party will have the option of producing the documents in native format, paper form or providing the information in static .pdf files. If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs. If they cannot reach agreement, they shall jointly seek guidance from the Court.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None.**

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signature below that they conducted a Rule 26(f) conference that was held on **August 4, 2014**, and that they participated in settlement discussions. Other persons who

8

participated in the settlement discussions are listed according to party.

For plaintiff:          **Jeff Filipovits**

Other Participants:     **None**

For defendant:          **Amy Cowan**

Other participants:     **None**

**(b)**     All parties were promptly informed of all offers of settlement and following

discussion by all counsel, it appears that there is now:

(__**X**__)     A possibility of settlement before discovery.

(__**X**__)     A possibility of settlement after discovery.

(_____)     A possibility of settlement, but a conference with the judge is needed.

(_____)     No possibility of settlement.

**(c)**     Counsel (__**X**__) do or  (____) do not intend to hold additional settlement

conferences among themselves prior to the close of discovery. The

proposed date of the next settlement conference is **not yet scheduled**.

**(d)**     The following specific problems have created a hindrance to settlement of

this case.

**None.**

**14.     Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to

a jury trial.

9

**(a)**     The parties (_____) do consent to having this case tried before a magistrate

judge of this Court. A completed Consent to Jurisdiction by a United States

Magistrate Judge form has been submitted to the clerk of court this

_____ day _____, of 20____.

**(b)**     The parties (___**X**___) do not consent to having this case tried before a

magistrate judge of this Court.

**Submitted this the 18th day of August, 2014,**

**Counsel for Plaintiff:**                          **Counsel for Defendant:**

s/Jeff Filipovits                                    s/Amy B. Cowan
**JEFF FILIPOVITS**                                  **RICHARD A. CAROTHERS**
**Georgia Bar No. 825553**                           **Georgia Bar No. 111075**
                                                     **AMY B. COWAN**
**FILIPOVITS LAW FIRM, PC**                          **Georgia Bar No. 159003**
**2900 Chamblee Tucker Road**
**Building 1**                                       **CAROTHERS & MITCHELL, LLC**
**Atlanta, GA 30341**                                **1809 Buford Highway**
**Phone: 770-455-1350**                              **Buford, GA 30518**
**Fax: 770-455-1449**                                **(770) 932-3552**
jrfilipovits@gmail.com